IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA GAVITA, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.: 2:24-00037 |
| | : | |
| v. | : | |
| | : | |
| TRULIEVE, | : | |
| | : | |
| *Defendant*. | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Maria Gavita, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

### Nature of the Action

This is an action brought for sexual harassment, and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), the Pennsylvania Human Relations Act (PHRA), retaliation under these statutes, and creation of a hostile work environment. The Plaintiff, Maria Gavita, seeks declaratory, injunctive and compensatory relief for the discriminatory conduct, the retaliation and hostile work environment she endured, and for the wrongful termination of her position by the Defendant.

### Parties

1.      The Plaintiff, Maria Gavita, is a female individual, approximately thirty (30) years of age, and currently resides at 59A Bethany Drive, Pittsburgh, Pennsylvania 15215.

2. At all times relevant hereto, the Plaintiff was a qualified individual, and otherwise possessed of all qualifications necessary to perform the essential functions of the job.

3. The Defendant, Trulieve, is an employer within the meaning of the Act, with a place of business at 200 Federal Street, Pittsburgh, Pennsylvania 15212.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§1331, 1343, and 1367.

5. This action arises in part under 42 U.S.C. §2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. §1981(a).

6. This action also arises under the Civil Rights Act 42 U.S.C. Section 1983 for the violation of Plaintiff's constitutional rights by the Defendant, acting under color of state law.

7. The Court may also maintain supplemental jurisdiction over state law claims set forth herein (or later added) pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

8. Venue in this District is proper under 28 U.S.C. §1391(b)(c).

**Factual Background**

9. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Ms. Maria Gavita is a female individual, approximately thirty (30) years of age, and currently resides at 59A Bethany Drive, Pittsburgh, Pennsylvania 15215.

11. Ms. Gavita is filing a Complaint against her former employer, Trulieve, with a place of business at 200 Federal Street, Pittsburgh, Pennsylvania 15212.

12. The Plaintiff was first hired by Trulieve on or about October 14, 2021, as a shift supervisor.

13. The Plaintiff noticed soon after beginning her employment with the company that she was not being given the same opportunities as the male employees hired at or around the same time.

14. In fact, several months into her employment, three (3) other employees, all male, had received offers and promotions for other management positions (not the assistant general manager positions), when she was not.

15. The Plaintiff maintains that she had identical job responsibilities, performance, experience, and training as the three male employees.

16. Ultimately, in April of 2022, the Plaintiff received a promotion to the position of assistant manager after another individual that was externally hired had turned down the position.

17. Beginning February of 2022, until her termination, the Plaintiff reported an employee for harassing her and insubordination towards her in the workplace.

18. To the best of Plaintiff's knowledge, upper management did nothing to address the situation or follow up with her.

19. In another incident, the Plaintiff had provided upper management and human resources with documentation of employees who were stealing money, harassing other employees, involved with alcohol/substance abuse while on company property, and other issues.

20. Again, no action was taken to correct these problems by upper management or to assure the Plaintiff that said situation had been resolved.

21. On or about August 1, 2022, the Plaintiff came across a male employee who was completely undressing in the workplace in order to change clothes to walk home.

22. She did address the issue of it being inappropriate in the workplace with the employee, though she felt somewhat intimidated to have to be dealing with that particular situation.

23. Several days later, the Plaintiff reported the incident to upper management and requested something be done to prevent the incidence from occurring again in the future.

24. Upper management then asked her to provide a written statement, which the Plaintiff did provide.

25. The Defendant ultimately terminated the individual on or about August 9, 2022, after discovering that he had done it on several other occasions.

26. Incredibly, on August 12, 2022, the Defendant then terminated the Plaintiff for not reporting the incident "sooner."

27. Aside from the fact that the Plaintiff's prior reports of harassment in the workplace had gone without any response or reconciliation, the Plaintiff points out that there was no policy to address the issue.

28. The Plaintiff was never provided an employee handbook or given any policies or procedures for reporting said incidents in the workplace.

29. The only training she received beginning her employment with the Defendant were two short training videos.

30. The videos discussed promotion and termination only.

31. There was no discussion of harassment or discrimination in the workplace.

32. In fact the Plaintiff was unaware of any formal processes or procedures for addressing workplace issues as reported by themselves or other employees.

33. It was also known to the Plaintiff that on at least two separate occasions prior to her incident, the same employee had done something similar in the workplace and nothing had been done about it.

34. The two managers who had discovered him acting in this fashion prior to the Plaintiff's incident were male employees, and neither were disciplined or terminated for failing to report said incidents.

35. Their failure to address the issue is ultimately what led to the Plaintiff having to deal with the incident.

36. The Plaintiff experienced sexual harassment in the workplace from an individual who it was known to the Defendant, or should have been known to the Defendant, had engaged in inappropriate conduct in the workplace prior to the incident in which she experienced.

37. Further, the Plaintiff asserts that male employees had repeatedly been treated differently than she had been in the workplace with no explanation.

38. The Defendant's failure to have policies in place to prevent and address sexual harassment or the hostile work environment is what led to the incident the Defendant used to justify the Plaintiff's termination.

39. On or about October 3, 2022, a Charge was filed with the EEOC against the Defendant in this matter.

40. The City of Pittsburgh Commission on Human Relations issued a letter on October 13, 2023, that stated the Complainant now had the right to seek private, civil court action. (Exhibit 1).

### **Count 1: Sexual Harassment: Title VII and PHRA**

41. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

42. Plaintiff was subjected to unwelcome and inappropriate contact in the workplace, which she objected to.

43. Defendant did not address or investigate the sexual harassment that was occurring in the workplace, which led to the Plaintiff being subjected to sexual harassment.

44. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### **Count 2: Sex Discrimination: Title VII and PHRA**

45. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

46. Plaintiff was treated differently than the male employees in the workplace.

47. Defendant did not address or investigate the sex discrimination that was occurring in the workplace to the Plaintiff.

48. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## Count 3: Retaliation - Title VII and PHRA

49. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

50. Plaintiff was harassed, humiliated, and discriminated against by the Defendant in retaliation for asserting her rights under Title VII of the Civil Rights Act by raising the issues regarding the sexual harassment and sex discrimination she endured.

51. The chronology of events in this matter demonstrates clear evidence that the conduct of the Defendant was done in retaliation for complaints made by the Plaintiff.

52. Not only did the Defendant not take measures to correct the discriminatory nature of their criteria, but they engaged in activities to question, discipline, and terminate the Plaintiff.

53. The Plaintiff exercised rights and opposed sexual harassment and discriminatory conduct prohibited by Title VII and PHRA.

54. Defendant's conduct in retaliation for Plaintiff's complaints constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C.A. Section 2000e-.

55. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 4: Hostile Work Environment

56. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

57. Plaintiff endured acts of sexual harassment, sex discrimination, and retaliation from the Defendant.

58. The Plaintiff's superiors and agents of the Defendant had increasingly responded to her in a manner that was aggressively dismissive, making the Plaintiff feel uncomfortable and unsafe.

59.     As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A)     Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Title VII of the Civil Rights Act, and PHRA;

B)     Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provide proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Maria Gavita, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

**A JURY TRIAL IS DEMANDED AS TO ALL ISSUES TRIABLE TO A JURY.**

Respectfully submitted,

/s/ Sean A. Casey
Sean A. Casey (Pa I.D. 79806)

**SEAN A. CASEY, ATTORNEY AT LAW**
The Pickering Building
960 Penn Avenue, Suite 1001
Pittsburgh, PA 15222
T: (412) 201-9090
E: sean@caseylegal.com
Counsel for Plaintiff, Maria Gavita

10